### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER BENN and DANA BENN, H/W | : |
|     *Plaintiffs* | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| DRAGAN VOJINOVIC | : |
|   -and- | : |
| RED XPRESS LLC | : **JURY TRIAL DEMANDED** |
|     *Defendants* | : |

### CIVIL ACTION COMPLAINT AND JURY DEMAND

**I.   PRELIMINARY STATEMENT**

1. This is a claim against Defendant for personal injuries and loss of consortium caused to Plaintiffs, Christopher Benn and Dana Benn, h/w, by the negligent acts and/or omissions of the Defendant.

**II.   PARTIES**

2. Plaintiffs, Christopher Benn and Dana Benn, h/w, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 310 Gun Club Road, York, PA 17406.

3. Defendant, Dragan Vojinovic, is an adult individual and citizen of the State of Florida, residing therein at 2647 Edgewater Avenue, New Smyrna Beach, FL 32168.

4. Defendant, Red Xpress LLC, was and is now a business entity, believed to be a limited liability company, duly organized and existing under the laws of the state of Florida, with a registered office and principal place of business located therein at 6210 44th Street North, Unit 19, Pinellas Park, FL 33781.

5. At all times material herein, Defendant Red Xpress LLC acted by and through its agents, servants, employees, workmen and/or other representatives, including Defendant Dragan Vojinovic, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

6. At all times relevant hereto, Defendants, Red Xpress LLC and Dragan Vojinovic, owned, leased, possessed, maintained, controlled, and/or operated a certain 2012 Volvo VNL tractor-trailer, Florida license plate #JB49RL, trailer tag number QA5-2AW, which was involved in the motor vehicle accident hereinafter described.

7. On or about September 27, 2021, Plaintiff, Christopher Benn, was a passenger in a certain 2020 Ford F250 motor vehicle, Pennsylvania license plate #ZRL1420, in the course and scope of his employment with Warfel Construction Company, traveling southbound on State Route 222 at or around mile maker 38.4 in West Earl Township, Lancaster County, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

### III.     JURISDICTION AND VENUE

8. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the incident giving rise to Plaintiffs' claims occurred within the district.

## COUNT I
## CHRISTOPHER BENN v. DRAGAN VOJINOVIC
## **NEGLIGENCE**

11. Plaintiffs hereby incorporate by reference paragraphs one (1) through ten (10) of the within Complaint as though the same were fully set forth at length herein.

12. On or about September 27, 2021, Plaintiff Christopher Benn was a passenger in the aforesaid 2020 Ford F250 motor vehicle traveling southbound on State Route 222 at or around mile marker 38.4 in West Earl Township, Lancaster County, Pennsylvania and was lawfully stopped for traffic ahead, when, suddenly and without warning, the aforesaid tractor-trailer owned by Defendant Red Xpress LLC and operated by Defendant Dragan Vojinovic within the course and scope of his employment with Defendant Red Xpress LLC, which was also traveling southbound on State Route 222 behind Plaintiff's vehicle, and which was traveling too fast for conditions, failed to stop and violently struck the rear of the vehicle in which Plaintiff was a passenger with such force that the vehicle in which Plaintiff was a passenger was forced off the highway into the grass area to the side of Route 222, thereby causing Plaintiff to sustain various severe and permanent bodily injuries as described more fully hereinafter.

13. Upon information and belief, Defendant Dragan Vojinovic received at least two (2) traffic citations as a result of the motor vehicle accident described herein due to his violation(s) of the Pennsylvania Vehicle Code.

14. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, which consisted of the following:

   (a) operating the aforesaid tractor-trailer motor vehicle at a high and excessive rate of speed under the circumstances;

   (b) failing to have the aforesaid tractor-trailer motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid tractor-trailer motor vehicle in an unsafe and careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Christopher Benn, more specifically, operating the aforesaid tractor-trailer motor vehicle at too high a speed for the conditions present at the time, failing to bring the aforesaid tractor-trailer motor vehicle to a stop prior to striking the rear of Plaintiff's vehicle, and otherwise failing to operate the aforesaid tractor-trailer motor vehicle in a manner so as to avoid making contact with Plaintiff's vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid tractor-trailer motor vehicle;

(e) failing to stop the aforesaid tractor-trailer motor vehicle once it struck Plaintiff's vehicle;

(f) failing to maintain a proper lookout upon the highway;

(g) failing to regard the point and position of other vehicles upon the highway, including the Plaintiff's vehicle;

(h) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(i) operating a motor vehicle with disregard for the safety of persons upon the highway;

(j) failing to prevent the aforesaid tractor-trailer motor vehicle from striking the Plaintiff's vehicle;

(k) failing to follow the applicable Code of Federal Regulations 49 C.F.R.;

(l) otherwise failing to exercise due and proper care under the circumstances; and

(m) violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, following too closely (75 Pa. Cons. Stat. § 3310) and careless driving (75 Pa. Cons. Stat. § 3714).

15. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendant was due in no manner to any act or failure to act on the part of the Plaintiff.

16. By reason of the aforesaid negligence of the Defendant, Plaintiff Christopher Benn has suffered severe and permanent injuries including, but not limited to, a lacerated spleen; concussion/traumatic brain injury; various injuries to his left shoulder; various spinal injuries to his neck and back; and acute vertigo; as well as aches, pains, mental anxiety, anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which his in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

17. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

18. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

19. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which he claims damages herein.

20. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

21. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

22. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

23. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

24. Plaintiff in no manner contributed to his injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

25. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Christopher Benn, demands judgment in his favor and against Defendant, Dragan Vojinovic, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and any such other relief as the Court deems adequate, just and proper.

### COUNT II
### CHRISTOPHER BENN v. RED XPRESS LLC
### NEGLIGENCE

26. Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-five (25) of the within Complaint as though the same were fully set forth at length herein.

27. On or about September 27, 2021, Plaintiff Christopher Benn was a passenger in the aforesaid 2020 Ford F250 motor vehicle traveling southbound on State Route 222 at or around

mile marker 38.4 in West Earl Township, Lancaster County, Pennsylvania and was lawfully stopped for traffic ahead, when, suddenly and without warning, the aforesaid tractor-trailer owned by Defendant Red Xpress LLC and operated by Defendant Dragan Vojinovic within the course and scope of his employment with Defendant Red Xpress LLC, which was also traveling southbound on State Route 222 behind Plaintiff's vehicle, and which was traveling too fast for conditions, failed to stop and violently struck the rear of the vehicle in which Plaintiff was a passenger with such force that the vehicle in which Plaintiff was a passenger was forced off the highway into the grass area to the side of Route 222, thereby causing Plaintiff to sustain various severe and permanent bodily injuries as described more fully hereinafter.

28. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, which consisted of the following:

(a) failing the aforesaid tractor-trailer motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid tractor-trailer motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid tractor-trailer motor vehicle in an unsafe and careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Christopher Benn, more specifically, operating the aforesaid tractor-trailer motor vehicle at too high a speed for the conditions present at the time, failing to bring the aforesaid tractor-trailer motor vehicle to a stop prior to striking the rear of Plaintiff's vehicle, and otherwise failing to operate the aforesaid tractor-trailer motor vehicle in a manner so as to avoid making contact with Plaintiff's vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid tractor-trailer motor vehicle;

(e) failing to stop the aforesaid tractor-trailer motor vehicle once it struck Plaintiff's vehicle;

(f) failing to maintain a proper lookout upon the highway;

(g) failing to regard the point and position of other vehicles upon the highway, including the Plaintiff's vehicle;

(h) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(i) operating a motor vehicle with disregard for the safety of persons upon the highway;

(j) failing to prevent the aforesaid tractor-trailer motor vehicle from striking the Plaintiff's vehicle;

(k) failing to follow the applicable Code of Federal Regulations 49 C.F.R.;

(l) entrusting the aforesaid tractor-trailer motor vehicle to Defendant Dragan Vojinovic when his propensity for careless and/or negligent driving was or should have been known by Defendant Red Xpress LLC;

(m) failing to recognize prior instances of careless and/or negligent driving by its employees, such as Defendant Dragan Vojinovic;

(n) failing to recognize prior accidents of its employees, such as Defendant Dragan Vojinovic;

(o) failing to properly hire employees and/or agents qualified to drive commercial vehicles;

(p) failing to properly train, monitor and supervise its employees and/or agents;

(q) failing to properly train employees and/or agents on proper driving safety;

(r) otherwise failing to exercise due and proper care under the circumstances;

(s) violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, following too closely (75 Pa. Cons. Stat. § 3310) and careless driving (75 Pa. Cons. Stat. § 3714); and

(t) negligence by virtue of the doctrine of vicarious liability.

29. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendant was due in no manner to any act or failure to act on the part of the Plaintiff.

30. By reason of the aforesaid negligence of the Defendant, Plaintiff Christopher Benn has suffered severe and permanent injuries including, but not limited to, a lacerated spleen; concussion/traumatic brain injury; various injuries to his left shoulder; various spinal injuries to his neck and back; and acute vertigo; as well as aches, pains, mental anxiety, anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which his in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

31. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

32. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

33. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which he claims damages herein.

34. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

35. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

36. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

37. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

38. Plaintiff in no manner contributed to his injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

39. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Christopher Benn, demands judgment in his favor and against Defendant, Red Xpress LLC, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and any such other relief as the Court deems adequate, just and proper.

## COUNT III
## DANA BENN vs. ALL DEFENDANTS
## LOSS OF CONSORTIUM

40. Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-nine (39) of the within Complaint as though the same were fully set forth at length herein.

41. As a further result of the incident described herein, Plaintiff, Dana Benn, has suffered the loss of earnings, society, consortium, and services of her husband, Plaintiff Christopher Benn, to which she is legally entitled.

42. As a further result of the incident described herein, Plaintiff, Dana Benn, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendants' negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Dana Benn, demands judgment against Defendants, Dragan Vojinovic and Red Xpress LLC, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and any such other relief as the Court deems adequate, just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims.

                                              Respectfully,

                                              **SWARTZ CULLETON PC**

By:    /s/ Brandon A. Swartz
           Brandon A. Swartz, Esquire
           Bryan M. Ferris, Esquire
           547 E. Washington Avenue
           Newtown, PA 18940
           T: (215) 550-6553
           F: (215) 550-6557
           bswartz@swartzculleton.com
           bferris@swartzculleton.com

           *Attorneys for Plaintiffs*,
           Christopher Benn and Dana Benn, h/w

Date: October 22, 2021